## SAMUEL DOWNING *v.* LEONARD DE KLYN.

In an action against the owner, to recover the consideration of an agreement by a tenant to surrender the demised premises before the expiration of the term, the defendant may prove that the plaintiff, in leaving the premises, removed essential parts of the building. The tenant would be bound by the agreement to leave the premises *substantially* in the condition in which they were at the time of its execution.

Whether evidence of the injuries to the premises, would be admissible by way of establishing are coupment from the plaintiff's claim; *quere ?*

Where, in such an action, the making and construction of the agreement are put in issue by the defendant ; the plaintiff, for the purpose of showing the defendant's intention in his negotiations with the plaintiff, which led to the alleged agreement, may prove that arrangements similar to those averred by the plaintiff, were made with other tenants of the same building.

Where a plaintiff offers in evidence conversations between the defendant and a third person, which conversations are wholly immaterial and irrelevant, unless shown to have been communicated to the plaintiff; it is discretionary with the judge at the trial to require the plaintiff to first prove such communication, or to permit the evidence of such conversations to be given provisionally. Such discretion relates merely to the order of proof. (a)

THIS case came up on the defendant's appeal from a judgment entered at special term, upon the verdict of a jury, in favor of the plaintiff, for $266 16. The facts are given in the opinions.

*A. Benedict*, for the defendant.

*Thomas S. Henry* and *Henry P. Townsend*, for the plaintiff.

BY THE COURT. WOODRUFF, J.—I think that in this case a new trial should be granted. The action is brought to recover the consideration agreed to be paid by the defendant to the plaintiff, for quitting and surrendering to the defendant a

(a) See *Gibson* v. *Pearsall; ante, p.* 90.

dwelling house, held by the plaintiff, under a lease from the defendant; and the defendant on the trial offered evidence, that although the plaintiff removed himself and family from the building; he carried away with him the doors, windows and floors of the house.

This testimony, I think, should have been received. Removing his *person* and his *goods* from the premises, is not all that the plaintiff's agreement fairly imported. He was bound to give to the defendant the possession of the house, *substantially* in the condition in which it then was.

This is the only reasonable interpretation of the contract, and is unquestionably according to the intention of the parties, as inferable from the agreement itself.

The propriety of this view becomes quite obvious, if we suppose that a landlord agrees to let a dwelling house to a tenant, and to deliver the possession of the *premises* on the 1st day of May, and the tenant agrees to hire, occupy, and pay rent. Could it be doubted, if before the first day of May, the landlord removed the *doors*, *windows* and *floors*, that the tenant would be excused from entering into the occupation of the dismantled building, and paying rent therefor? I think not. Nor in my opinion was the defendant here any more bound by the agreement to pay $250 to the plaintiff for quitting and surrendering the premises in question, if the plaintiff had been guilty of the spoliation proposed to be proved.

It appeared by the evidence that the inducement to the contract on the part of the defendant was a contemplated sale of the premises, and this, according to some of the testimony, the plaintiff knew. The destruction of the building might, we can readily perceive, have defeated the whole purpose of the defendant in making the contract.

Whether the evidence ought to have been received as a ground for recoupment, or as showing that in substance and effect the plaintiff did not perform his contract, I think it was an error to reject it altogether, and that a new trial ought to be granted.

Downing v. De Klyn.

INGRAHAM, FIRST J., concurring.—The defendant was sued for a sum of money, which the plaintiff alleged he agreed to pay him for removing from premises owned by the defendant.

The defendant proved by the witness, Peyser, that he had agreed to purchase from the defendant the house in question, and then asked Peyser if he had requested the defendant to get from the plaintiff an offer in writing of the terms upon which he would surrender the premises. This was excluded by the judge, unless the defendant could show that the plaintiff had some knowledge of such request. There can be no doubt of the propriety of such ruling. The evidence was immaterial unless communicated to the plaintiff, and the judge had a right in his discretion either to admit the evidence in the first instance, or to require proof that it had been communicated to the plaintiff, before permitting it to go to the jury. If there was any doubt as to the proper exercise of such discretion, it would be, whether he was not bound to exclude the testimony until the knowledge of the plaintiff was established.

After the defendant rested, the plaintiff called a witness to prove that the defendant had made a similar arrangement with a tenant of another part of the same premises. To this the defendant objected, and excepted to its admission. Under ordinary circumstances, such testimony was clearly inadmissible. What arrangement he made with another tenant, would in no wise prove that he had made such an one with the plaintiff. It can only be sustained on the ground that the contradictory testimony in regard to the contract, alleged to have been made by the plaintiff, allowed the evidence of similar transactions with others, to show what the intent of the defendant was in his negotiations with the plaintiff.

This rule is well established in criminal cases, in suits involving a charge of fraud, libel, negligence, and similar causes of action. But in actions upon contract, the propriety of admitting such testimony is more doubtful. I am, however, inclined to the opinion, that for the mere purpose of ascertain-

ing the intent of the defendant in his interviews with the plaintiff, the evidence might be received.

The remaining exception relates to the exclusion of the testimony offered for the purpose of recoupment.

The defendant claimed that the plaintiff had injured the building by taking away the doors, windows, &c.

I think this evidence was admissible in this action, if for no other reason upon the question, whether the plaintiff had surrendered the premises according to his agreement. I concur in the views of Judge Woodruff on this point, before whom the case was tried.

New trial ordered.